Good morning, Your Honors. Susan Trench for the appellant, Tom Burke. I'm going to try to reserve a minute of my time for rebuttal. Tom Burke was a crime victim who was to be the recipient of a restitution under a restitution order of about $750,000. One of the defendants who owes that restitution, Mr. McPeak, satisfied his restitution obligation by assigning an over $4 million judgment, which actually was almost $9 million, because of all the interest that had accrued on that judgment, which was obtained in the case in the district court here in California. After the government did nothing for a year to attempt to collect on that judgment for Mr. Burke's benefit, Mr. Burke sought intervention in the California district court, as of right, to attempt to use his own efforts to collect on that judgment and receive the restitution that was due him. We believe he was entitled to do that under both the Rule 24 intervention criteria and statutes relating to his restitution rights. The district judge disagreed and found that Mr. Burke did not satisfy one of the four requirements for intervention. And what she found was that he did not have a significantly protectable interest. And it's respectfully submitted that she based that on two incorrect assumptions in this case. I'm not sure if the district court was right on the intervention, but if the MVRA presents the exclusive remedy, then that would trump that, correct? The MVRA does not present an exclusive remedy. Well, that's what we kind of have to decide, right? What the MVRA does is it establishes that the crime victim has a right to timely restitution. And 18 U.S.C. 3771d1 says the crime victim, his representative or the government, any of those may assert those restitution rights, which was exactly what was attempted to be done here. Well, and it says what the victim is supposed to do under the language says how the victim is supposed to assert that right. Well, the Act itself provides one way under a scenario that's really not applicable here that the victim can assert his rights. And that is by going in and having the judgment certified and obtaining a lien in that State and the district court to satisfy the restitution obligation. But here, the restitution obligation was satisfied. Mr. McPeak was off the hook. He had given this judgment over as his restitution. So there was no issue that that had not been satisfied. So we could not have done that. If anything, that shows that there are ways that a victim has rights. In fact, in the U.S. v. Perry case in the Sixth Circuit, they said it's a constitutionally protected property interest in the restitution. It does not appear that the Act creates only a right in the government to do that. And as I said, there is a specific section, 3771d1, that says that the crime victim may assert his restitution rights. So if I were to make your best argument to that, you would say that Congress should have said this is your exclusive remedy. My best argument? Well, if it well, no, that that would be their best argument. I'm sorry. If Congress had said if they if Congress had said this was the exclusive remedy, then that would trump intervening. Yes. If Congress had said only. And so your argument is they didn't say that. So if they qualify under 24a, then they should be able to do it. Well, that is right. And not only did they not say that, but as you noted, they provided a situation if the restitution order itself was not being complied with, that the victim does have a right to go in. There's no reason why a victim would not have a right under our unique facts to also go in and attempt to recover under the Act. He clearly has an interest. The interest is a concrete interest, albeit an economic interest. It can be an economic interest in recovering on this judgment. Is it your position that under Rule 24, if we didn't have the MVRA at all, that your client would have a right to intervene? If my client had a right to collect on this judgment, which I believe that he does, yes, he'd have a right to intervene in the post-judgment proceedings in the case to attempt to collect on that judgment. Absolutely. And there should be no difference here. The district judge found he didn't have an interest because there was no relationship between his interest and the claims in the United States district court case here in California. But in doing that, she misapprehended respectfully the law, because you don't have to have an interest in the entire case. There are numerous cases, and we have cited them, both in this Court and in other courts, that say you can have a sufficient interest in a case to be allowed to intervene if your interest is in a specific phase of the case where you're seeking to intervene, which occurred here, or as to a particular issue or a specific fund, even though you have no interest in the litigation as a whole. And that's exactly what Mr. Burke had here. He attempted to come in post-judgment solely for the purpose of attempting to collect on that judgment. And the estate of Ferdinand Marcos case authorizes that. Alisal authorizes that in this case. And we have cited cases in numerous other circuits where individuals or entities are allowed to come in post-judgment where they want to participate in the remedy or in a particular fund. And that was exactly the case here. So in saying that Mr. Burke did not have a legally protectable interest because he may not have had an interest in the underlying claims, I believe that was a misapprehension of the law. And he, in fact, had an interest in these post-judgment proceedings. So I suppose if these statutes like this are supposed to help victims, that what you're saying is it's not really helping victims if then the government doesn't do anything about it, and then you're taking away – I mean, it's supposed to help victims get their money and requiring the government to seek that money, not achieve the result that's happening here where they don't – they're not pursuing it, and then victims can't go to a second level. That's absolutely correct. In fact, one of the criteria that this Court has noted in these intervention cases, in the California v. USA cases, is there – does the intervener or the proposed intervener have some other means of achieving what they're trying to achieve? And here, absolutely does not. The Act itself, the Restitution Act, provides that he can have no claim against the government for sitting on their hands and not proceeding to collect the restitution. He has no claim against Mr. McPeak, who satisfied his restitution obligation. This is the only means that he has to go in and attempt to get what he's entitled to as a crime victim. And there – honestly, if the government had spent as much time attempting to collect on this judgment as it does fighting Mr. Bark, who's trying to collect on it, we may not even have to be here. So the significantly protectable interest is clearly satisfied, as are the other criteria. Clearly, his interest – Well, just help me for a minute. You are – I'm just trying to understand the limiting principle of this. The limiting principle here of what you're doing – trying to do. If you were just an ordinary creditor, you would not have any right to intervene. No. That would be too remote. That would be the Alesol case, where a creditor really is too remote. Here, there's a specific assignment of this judgment for the purpose of satisfying the restitution order of which my client is the direct beneficiary. So that is the connection here that should have entitled him to intervene. We satisfy all the other criteria for intervention that they've raised. You know, his interests – whether his interests were adequately represented by existing parties – again, if the government had done what they were supposed to do, we would not be here. But, you know, the party has to be willing, has to not abandon the issue, has to not commit nonfeasance. Here, there was no activity for a year after this assignment. So any presumption that the government was going to do something on our behalf disappeared at that time. Has the government done anything yet? Not to my understanding, Your Honor. I don't believe anything has been done here. The timeliness issue is satisfied as well, because it was then, it was after the restitution order was entered, gave the government some time to do what it's supposed to do, that we came in and timely sought the intervention. This intervention didn't introduce no new issues, wasn't attempting to relitigate anything. It was just attempting to participate in the post-judgment collection proceedings and should have been permitted. Did you want to reserve a little bit of your time? Oh, I did. Thank you. May it please the Court. Deborah Sanders on behalf of the United States of America. Do you just, does the government just get to sit on its hands forever and the victims don't get to collect on the judgment? Well, Your Honor, the government is not sitting on its hands in this case or any other case. The statute requires the government to do everything it can to collect on restitution. This judgment, restitution judgment, it was issued June of 2007. The application or motion to intervene was filed in August of 2008. The government, the Southern District of Ohio has over 3,000 criminal cases. Over 80 of those cases involve cases of more than a million dollars. The government has more than 20 years to collect on civil and criminal judgments. So the government does not believe that a time span of less than a year represents sitting on its hand. Additionally, Your Honor, the government has proceeded in the collection of this case. And so even though that is not at issue here, the government has continued to collect or to proceed with the restitution on this case. And the court must also understand that it is not just Francis McPeak's restitution obligation that was satisfied by the court on this judgment, but there are other defendants in that case that was ordered to pay restitution jointly and severally to the victims, including the Petitioner. Well, it will be small comfort to Mr. Burke if it's his heirs that see the benefits of this. Your Honor, Mr. Burke and the other victims in this case are already receiving restitution. It may not be in the amounts or at the amount of time that they believe is timely, but they are receiving restitution. Like what? Like $50 a month? There was a large amount of restitution that was paid early on, and the government continues to... What do you mean by large? Approximately $200,000 to $300,000, Your Honor. To Mr. Burke? No, Your Honor. As a whole to the two victims involved. So it would have been... All right. So he's entitled to $774,000 or whatever. So how much has he gotten? I don't have the specific figure, Your Honor, but I believe that it is over $150,000 as of this date. I'm getting the head shaking no from the other side. So how are you coming up with this $150,000? From my recollection, Your Honor, of the clerk's office distribution. Here's what doesn't make sense to me on some level as I think this through. When I was a prosecutor for a long time, they passed a lot of these statutes because prosecutors were not getting restitution for victims. So they said, you know, in order for, you know, if you're going to prosecute crimes to make people whole, they need to get the money. And so they, you know, passed statutory schemes to make that mandatory. But where in looking at this does it say that this would be the victim's exclusive remedy? And, you know, this was meant to help victims, not to take things away. It was meant to give for those people that can't go hire a lawyer like this person can, to have the force of the government helping them out and, you know, trying to make them whole. Here, this man was able to hire an attorney, and we're saying, you know, he has to wait for the government to do it, even if the government's got all of these other ones. That's correct, Your Honor, and that was the purpose of the Crime Victim Rights Act. It does, in fact, indicate that a victim has a right to full and timely restitution. However, the victim cannot interfere with the prosecutorial discretion of the government. And that restitution is ordered with respect to the mandatory. But where in the statutory scheme does it say this is the victim's sole way of collecting? Under the Mandatory Victim Restitution Act, Your Honor, at 18 U.S.C. section 3664 M1B, it allows the victim, and this is the only thing in the statute, it allows the victim to obtain an abstract of judgment and file that abstract of judgment in the state court so that it is a lien on the property of the defendant. It does not allow the victim to enforce the restitution order, which the government is solely responsible for doing. What if the government just does absolutely nothing for 10 years? And, you know, that wouldn't be entirely unheard of in situations. I mean, we do immigration law, too. And, I mean, it's amazing. People have been here for, they've got grandchildren here at this point. What if the government does absolutely nothing? How is that helping victims? Although it is a hypothetical, Your Honor, and the government is required by its own statutes to ensure prompt and full restitution to the extent that it has to. But they can't make the government do anything. They have no remedy against the government. Under the Crime Victim Rights Act, Your Honor, they have a right to file complaints with the Department of Justice, an administrative body, if they do not believe that their rights are being effectuated. Let me oversimplify this, but see if I can understand. If you have multiple victims out there, and the government, the purpose of the act, as I understand it, is to make sure that the government acts fairly in distributing restitution, and that so that each victim can make their interest known, and then the government is supposed to recover the restitution and pay it out. If you didn't have that system and you permitted every victim, a victim who can afford a lawyer to come in, they could presumably take everything in the pot, leaving nothing for anybody else. Is that right? It would wreak havoc, Your Honor, on the system itself, which is why the victims only have the right to satisfy its own interests with respect to the lien. That lien is only with respect to their interest in the property of the defendant. Does that do them any good in the unique circumstances of this case, filing that lien? Well, in this particular case, Your Honor, the defendant for which that lien would be filed is not a party to this litigation. Right. But the lien doesn't do them any good here, does it? In this particular action, the lien is not against Richard Schultz or his property because Richard Schultz is not a defendant in the Ohio litigation. The judgment that is now owned by the government deals with property that is owned by Richard Schultz. But the petitioner has a right to file a lien against each and every other defendant, which I believe there were five defendants in that case, to protect its interest in the property of the defendants. The Mandatory Victim Restitution Act is applicable in this particular case. The court properly determined that there was not a significantly protectable interest in the underlying litigation. The California litigation dealt with securities fraud filed by Richard Schultz against a number of defendants, none of whom are part of the Ohio litigation. None of the cases that were cited by the petitioner support his right to intervene in that action. All of the cases deal with intervenors who had an interest, a specific interest, in the underlying litigation. The petitioner specifically sets forth Alizal with respect to the backbone of the litigation. If you look at the backbone of the litigation in the California court, you're looking at the securities fraud. If you look at the petitioner's interest in the restitution order, that restitution order has absolutely nothing to do with the backbone of the litigation in the California court, which was securities fraud. Well, why is the restitution a result of the securities fraud? It is. However, in Alizal, because the court indicated that it was several degrees removed from the backbone of the litigation, intervention was not appropriate. In this particular case, the only reason why the petitioner has even an interest that is not an ownership interest but a potential beneficial interest is because of the Ohio restitution case that dealt with property or his costs that are not related whatsoever to the claims in the California litigation. And based upon that, Your Honor, the court and the district court properly held that intervention was not appropriate. Thank you. If you win on the first – I'm not so convinced. If you – I think you have to win on the first prong. Otherwise, I'm not sure that you can interpret an interest as narrowly as what you're arguing. But that's – Thank you, Your Honor. We'll sort it out. Thank you. I quickly want to address your concern that Mr. Burke was going to jump in here and collect this money and leave the others, and that was not what was happening at all. There were two victims that were entitled to restitution, St. Paul Insurance Company or – I forget their full name – and Mr. Burke. And it was always his position that when he – if he received the money here, that they were each entitled to their prorated portion of the restitution. He was not attempting to jump over the other victims here. How much money has your client gotten? It's my understanding, and I don't want to represent to the court that I'm 100 percent sure, but I thought it was about $60,000 that he's received so far out of the $750,000. I appreciate the government is overburdened. That's why you would think they would have been happy for him to come in and assist them here. I don't know why – and it was not any kind of interference with them. My understanding is they've done nothing except collect on their own tax judgment against the same – Mr. Schultz, the same individual, but not our judgment at all, which also creates a conflict with the government. If you were writing this opinion for us, the narrowest ground that you would say that your client should win when none of these other people – all these other cases, the statute is there for purpose. What's the narrowest ground that you would articulate for a lawyer? I believe the narrowest ground is that he specifically has an interest in the collection of the judgment because the judgment has been assigned for his benefit, and on that basis, he should be entitled to intervene to attempt to collect on that judgment. All right. Thank you. Thank you. Thank you.
judges: Lynn, Schroeder, Callahan